UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV22-05465-AB (AS) | Date | October 31, 2022 |
|---|---|---|---|
| Title | *Rickey Louis Alford v. Kenneth C. Byrne, et. al.,* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**   **ORDER TO SHOW CAUSE RE CLAIM PRECLUSION**

On August 3, 2022, Rickey Louis Alford ("Plaintiff"), a California resident proceeding pro se and in forma pauperis ("IFP") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against the following defendants in their individual and official capacities: (1) Kenneth C. Byrne, Deputy Attorney General; (2) Alex Villanueva, Los Angeles County Sheriff; (3) George Gascon, Los Angeles County District Attorney; (4) Ken McWard, Captain, Los Angeles County Sheriff's Department ("LASD"); and (5) Laura E. Lecrivain, Captain, LASD.[1] (Dkt. No. 1). Liberally construed, the Complaint claims Defendants violated Plaintiff's right to a speedy trial, among other rights, when he was arrested in March 2020 for failure to register as a sex offender but was not arraigned until four months later and was kept in custody for eighteen months without a preliminary hearing. (Compl. at 4-6). Plaintiff also alleges that he was placed in isolation for nine months after complaining to the state court about these delays, and he was forcibly medicated without having been examined by a court-appointed psychiatrist. (Compl. at 4-5).

Plaintiff previously raised essentially the same claims and allegations in another case in this Court, Alford v. Villanueva, CV 21-9483-AB (AS), which also involved the same defendants, except for Deputy Attorney General Byrne, who was not named in the previous case. In that case, the Court dismissed the Complaint with leave to amend and ordered Plaintiff to file a First

---

[1] Capt. Lecrivain is listed in the caption but is not included among the list of defendants within the Complaint. (See Compl. at 1-3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV22-05465-AB (AS) | Date | October 31, 2022 |
|---|---|---|---|
| Title | *Rickey Louis Alford v. Kenneth C. Byrne, et. al.,* | | |

Amended Complaint within thirty days. Id., Dkt. No. 6 (Order of January 27, 2022). When that Order was returned to the Court as undeliverable, the Court issued an Order to Show Cause directing Plaintiff to respond as to why the case should not be dismissed with prejudice for failure to prosecute. Id., Dkt. No. 10 (Order of March 28, 2022). Plaintiff was warned that failure to comply would result in a recommendation of dismissal with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders. Id., Dkt. No. 10 at 2. That Order, too, was returned to the Court as undeliverable. Id., Dkt. No. 11. On April 22, 2022, having received no word from Plaintiff since the Complaint was filed more than four months earlier, the Magistrate Judge recommended that the case be dismissed with prejudice for failure to prosecute and for disobeying court orders, pursuant to Rule 41(b). Id., Dkt. No. 13. In making that recommendation, the Magistrate Judge assessed the five relevant factors and determined that four of the five factors strongly weighed in favor of dismissal.[2] Id., Dkt. No. 13 at 5-13. The Court subsequently accepted the Magistrate Judge's recommendation and entered Judgment on June 7, 2022, dismissing the case with prejudice. Id., Dkt. Nos. 16, 17.

The Court's Rule 41(b) dismissal with prejudice of that case, CV 21-9483-AB (AS), operated as a final judgment on the merits, which precludes Plaintiff from filing subsequent cases against the same parties on claims that were raised or could have been raised in that case, under the doctrine of claim preclusion (or res judicata). See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Specifically, claim preclusion generally applies when a prior federal action "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted); see also Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 686 (9th Cir. 2005) ("[T]he 'final judgment' prong of the res judicata test is claim-specific."). When determining whether a pending lawsuit involves

---

[2] In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Olmstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010), overruled on other grounds, Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020). In Plaintiff's case, the only factor weighing against dismissal was the public policy favoring disposition on the merits, but the Magistrate Judge noted that this factor lent little support to Plaintiff since it was his responsibility to move the case toward disposition on the merits, and he was instead impeding such progress. Alford, CV 21-9483-AB (AS), Dkt. No. 13 at 9 (citing In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006)) (other citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV22-05465-AB (AS) | Date | October 31, 2022 |
|---|---|---|---|
| Title | *Rickey Louis Alford v. Kenneth C. Byrne, et. al.,* | | |

the "same claim or cause of action" as a prior federal action, courts consider four criteria, specifically "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo, 430 F.3d at 987 (citation omitted). Such criteria are not to be applied "mechanistically." Id. (citation omitted). Under the first criterion, "a transaction test [is used] to determine whether the two suits share a common nucleus of operative fact." Id. (citation omitted). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Id. (citation omitted). While all four criteria must be considered, the "common nucleus" criterion often will be "outcome determinative" as to whether two suits share the "same claim or cause of action[]" for purposes of the claim preclusion first element. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir. 2016) (citation and quotation marks omitted).

Here, because the present Complaint raises virtually the same claims against Defendants Villanueva, Gascon, McWard, and Lecrivain, predicated on basically the same core factual allegations as the previous case that was dismissed with prejudice, claim preclusion appears to bar this case, at least with respect to Defendants Villanueva, Gascon, McWard, and Lecrivain. Indeed, given the duplicative nature of this case, in which Plaintiff is proceeding IFP, Plaintiff's claims also appear subject to dismissal as frivolous and/or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("independent ground for dismissal" of action pursuant to IFP statute where complaint "merely repeats pending or previously litigated claims") (citations omitted); Diamond v. City of Los Angeles, 700 F. App'x 727, 728 (9th Cir. 2017) (district court did not abuse its discretion by dismissing action that was duplicative of plaintiff's earlier action against the same defendant in the same district court) (citation omitted); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) (noting in context of "motion to proceed IFP on appeal" that "a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit . . . is subject to dismissal under [former 28 U.S.C. § 1915(d)] as malicious") (citations and quotation marks omitted); see, e.g., Kroncke v. City of Phoenix, 606 F. App'x 382, 384 (9th Cir. 2015) (court did not err by dismissing based on frivolousness identical claim plaintiff had raised in prior action); Davis v. Alameida, 321 F. App'x 632 (9th Cir. 2009) (district court properly dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV22-05465-AB (AS) | Date | October 31, 2022 |
|---|---|---|---|
| Title | *Rickey Louis Alford v. Kenneth C. Byrne, et. al.,* | | |

IFP action in which plaintiff "sought to bring a claim that had been dismissed in a prior action and failed to state a claim for relief[]") (citing Cato, 70 F.3d at 1105 n.2).

In addition, although Defendant Deputy Attorney General Byrne was not named in the previous case – and so claims against him are not barred on the same grounds stated above – the claims against Byrne appear to warrant dismissal, regardless, because Byrne cannot be held liable for any of the conduct at issue in the Complaint. The Complaint asserts, in conclusory fashion, that Deputy Attorney General Byrne conspired with the other Defendants to violate Plaintiff's right to a speedy trial and other rights regarding his detention and criminal prosecution following the March 2020 arrest. (See Compl. at 5-6). However, there is nothing to suggest that Byrne or the California Attorney General's Office had any material role in these matters. Instead, Byrne's only apparent role in the matter was to serve as counsel for respondent in a federal habeas action filed in this Court in September 2021, in which Plaintiff also raised essentially the same challenges raised here. See Alford v. Villanueva, CV 21-7584-AB (AS). In the Complaint here, Plaintiff contends that Byrne wrongly argued in the habeas action that Plaintiff had no right to a preliminary hearing in his state criminal case. (Comp. at 5; see Alford, CV 21-7584-AB (AS), Dkt. No. 9 at 6 (C.D. Cal. Nov. 19, 2021) (motion to dismiss habeas petition, filed by Deputy Attorney General Byrne as respondent's counsel)).[3] However, Byrne cannot be held liable for his arguments as opposing counsel in Plaintiff's habeas case. An attorney general or deputy attorney general has absolute immunity for conduct during the performance of their official duties. Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001). Because Plaintiff's claims against Byrne in this case appear to be based solely on conduct he performed in his official duty – as counsel for respondent in a habeas action challenging a state criminal matter – Byrne is immune from any asserted liability here. Moreover, even if he were not immune, he would still not be liable here because he did not cause any of the alleged violations, as he had no actual involvement in the state custody and criminal proceedings at issue. See OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (a government official may not be held liable under 42 U.S.C. §

---

[3] Specifically, Byrne's motion asserted, among other arguments for dismissal, that Plaintiff/Petitioner's challenge to the lack of preliminary hearing was not cognizable on federal habeas review because there is no federal constitutional right to a preliminary hearing. (Alford, CV 21-7584-AB (AS), Dkt. No. 9 at 6) (citing Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Ramirez v. Arizona, 437 U.S. 119, 119 (1975)). This Court agreed. (See id., Dkt. No. 19 at 4 n.2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV22-05465-AB (AS) | Date | October 31, 2022 |
|---|---|---|---|
| Title | *Rickey Louis Alford v. Kenneth C. Byrne, et. al.,* | | |

1983 unless the particular official's own actions caused the alleged constitutional deprivation) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE, in writing, no later than November 30, 2022**, why this action should not be dismissed with prejudice for claim preclusion and other grounds addressed above.

If Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).  A notice of dismissal form is attached for Plaintiff's convenience.  Plaintiff is warned that a failure to timely respond to this Order will result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.

IT IS SO ORDERED.

cc:   André Birotte Jr.,
        United States District Judge

|  | 0 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | AF |